From William F. Schutte, Beaver Falls, Pa.

## Gates et ux. v. Penn Mutual Fire Ins. Co. of Chester County.

*Frederick J. Templeton* and *Caleb S. Brinton*, for plaintiffs.
*Douglass D. Storey* and *Alton W. Lick*, for defendant.

BIDDLE, P. J.—This action is based upon a policy of insurance issued by the defendant company to the plaintiffs jointly, insuring a frame dwelling and storeroom in the village of South Enola, East Pennsboro Township, in the sum of $4000. On Nov. 23, 1927, Daniel Gates, one of the plaintiffs, entered into a written contract with Everett W. Danner for the sale and conveyance by Danner of the property insured to Daniel Gates, the agreement providing for the transfer of the title on or about Nov. 28, 1927. Before this agreement was carried into effect, the plaintiffs, on Dec. 2, 1927, procured the policy of insurance referred to from the defendant, and on Dec. 10, 1927, the contract with Danner not having been completed by a transfer of title, and no payment beyond one dollar to bind the bargain having been made by Daniel Gates, the property insured was totally destroyed by fire. Notice was given of this loss to the defendant company, which, after an

560

examination, refused payment, alleging that the plaintiffs had not title to the property destroyed, and, therefore, were not entitled to recover. The plaintiffs thereupon brought this action, and the defendant filed an affidavit of defense in lieu of a demurrer, alleging that for a number of reasons the statement of claim, which set out the facts above recited, failed to set out a valid cause of action.

While we are not prepared to sustain all of the reasons advanced by the defendant in support of the demurrer, we think it does appear that the present action in its present form cannot be sustained. The plaintiffs' statement shows, so far as it shows anything in that respect, that Alberta Gates had no interest in the property destroyed by fire whatever, and she had, therefore, so far as appears from the pleadings, no insurable interest therein. The policy upon which the action is brought is to the plaintiffs jointly, and the action itself is a joint one. In view of this, and in view of the fact that it appears from the plaintiffs' own statement that Alberta Gates had no interest whatever in the property destroyed, and suffered no injury thereby, we think that she has no standing to recover in the present action and that the demurrer should, therefore, be sustained.

Whether Daniel Gates had such an interest that he might have recovered under his contract with Danner, or whether he might have recovered in an action in his name alone against the present defendant on the policy in suit, we are not here called upon to determine; but we are satisfied that the plaintiffs may not maintain a joint action where their statement shows that one of the plaintiffs had no insurable interest whatever in the property insured; and it is on this ground that we sustain the demurrer.

And now, July 11, 1928, the demurrer to the statement of claim is sustained, and it is directed that judgment thereon be entered in favor of the defendant and against the plaintiffs.

From Francis B. Sellers, Carlisle, Pa.